# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN FREIGHT, LLC and AMERICAN FREIGHT MANAGEMENT COMPANY, LLC,<br><br>                Plaintiffs,<br><br>vs.<br><br>GAVIN GOSIK and KARL FINLEY,<br><br>                Defendants. | Civil Action No. |

## PETITION TO CONFIRM ARBITRATION AWARD

American Freight, LLC and American Freight Management Company, LLC (collectively "American Freight"), by and through its undersigned counsel, respectfully petition this Court to confirm an arbitration award against Gavin Gosik and Karl Finley (collectively, "Defendants") as follows:

### INTRODUCTION

1. This is a petition to confirm an arbitration award issued by the Judicial Arbitration and Mediation Services ("JAMS") in *American Freight, LLC v. Gavin Gosik, et al.*, JAMS Reference No. 1345001791 (the "Arbitration").

2. The Arbitration addressed and resolved claims related to, among other things, Mr. Gosik's breach of a non-solicitation covenant in his employment agreement with American Freight and Mr. Finley's breach of confidentiality and non-disclosure covenants in his employment agreement with American Freight. The Honorable Gail S. Tusan, Senior Judge was selected to serve as the arbitrator.

3. After considering the parties' arguments, evidence and testimony, including three days of virtual hearings from February 28, 2022 to March 2, 2022, the dispute was submitted to Arbitrator Tusan for an opinion and award.

4. Arbitrator Tusan issued an interim award on April 20, 2022 (the "Interim Award"). *See* Exhibit A.  In the Interim Award, Arbitrator Tusan found that Mr. Gosik had breached the non-solicitation covenant of his employment agreement, and awarded American Freight $50,000 in liquidated damages.  Arbitrator Tusan also found that Mr. Finley had breached the confidentiality and non-disclosure covenants of his employment agreement, and awarded American Freight $50,000 in liquidated damages.  The damages were to be paid within 30 days of the date of the Final Award.  *See* Exhibit A, at *10.

5. Arbitrator Tusan issued the final award on June 13, 2022 (the "Final Award").  *See* Exhibit B.  The Arbitration Award granted American Freight's request for certain attorneys' fees and costs, awarded a total sum of $269,456.90, in addition to the $50,000 against each Defendant.  Mr. Gosik and Mr. Finley are jointly and severally liable for the attorneys' fees award.

6. Arbitrator Tusan further ordered that the awarded damages "shall incur post-judgment interest as permitted by law."  *See* Exhibit B, at *2.

7. Mr. Gosik and Mr. Finley have not satisfied the judgment against them.

## PARTIES

8. American Freight, LLC is a Delaware limited liability company with its principal place of business at 209 Innovation Court, Suite J, Delaware, Ohio, and is thus a citizen of the states of Delaware and Ohio.

9. American Freight Management Company, LLC is a Delaware limited liability company and a wholly owned subsidiary of American Freight, LLC.  American Freight Management

Company, LLC is either the counterparty or the successor in interest to the counterparty in the employment agreements with Mr. Gosik and Mr. Finley.

10. Upon information and belief, Gavin Gosik is a citizen and resident of the State of Tennessee. Mr. Gosik worked for American Freight from in or around September 2011 to on or around April 12, 2021.

11. Upon information and belief, Karl Finley is a citizen and resident of the State of Tennessee. Mr. Finley worked for American Freight from in or around November 2009 to on or around April 18, 2021.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 9 U.S.C. § 1 *et seq.* and 28 U.S.C. § 1332(a). There is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

13. Venue for an action to confirm an arbitration award is proper in this District under 9 U.S.C. § 9 and 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

### The Agreements Between American Freight and the Defendants

14. In the course of their employment with American Freight, Mr. Gosik and Mr. Finley entered into employment agreements with American Freight (the "Agreements"). *See* Exhibit C (Gosik) and Exhibit D (Finley). The Agreements included certain non-solicitation and confidentiality/non-disclosure covenants. *See* Exhibits C and D, Sections 3-5. The Agreements were governed by Ohio law and specified that any action related to the Agreements shall be brought and maintained in the courts of the State of Ohio. *See* Exhibits C and D, Section 9.

15. Mr. Gosik also entered a second employment agreement with American Freight (the "Territorial Agreement"), which reaffirmed his obligations under the Agreement. *See* Exhibit E. The Territorial Agreement was governed by Ohio law and specified that any action relating to the Territorial Agreement shall be brought "exclusively in Delaware County, Ohio." *See* Exhibit F, Section 8.

16. Mr. Gosik and Mr. Finley also electronically agreed to be bound by an Arbitration Agreement with American Freight (the "Arbitration Agreement"). *See* Exhibit F. The Arbitration Agreement provided that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration."

**Procedural History**

17. American Freight filed a demand for arbitration with JAMS on May 26, 2021. Among other allegations, American Freight claimed that Defendants breached the non-solicitation and non-disclosure/confidentiality covenants in the Agreements.

18. That same day, American Freight filed a verified complaint for a temporary restraining order and injunctive relief in the Court of Common Pleas in Delaware County, Ohio. In an agreed order entered by the court on June 3, 2021 (the "Agreed Order"), the parties agreed to stay those proceedings "until a decision on the merits [was] rendered by the Arbitrator and confirmed by a court of competent jurisdiction." *See* Exhibit G, at *2-3.

19. The Agreed Order acknowledged that Mr. Gosik and Mr. Finley had accepted service of process of the Demand for Arbitration and consented to proceed to arbitration. *See* Exhibit G, at *1. The Agreed Order noted that the parties disputed the proper location of the arbitration but would submit this dispute to the arbitrator. *See* Exhibit G, at *1-2.

20. After a strike process, the Honorable Gail S. Tusan, Senior Judge was selected to serve as the sole Arbitrator on August 26, 2021. Judge Tusan has arbitrated a number of employment law cases and was a Superior Court judge in Fulton County, Georgia, where she served two terms as chief judge and chaired the Fulton County ADR Board. *See* Exhibit H, Biography of Judge Tusan.

21. The parties briefed the issue of the appropriate forum and Arbitrator Tusan heard oral argument on the issue as well. On December 2, 2021, Arbitrator Tusan issued an Order on Choice of Forum, and determined that the arbitration hearing would take place in Delaware County, Ohio, where American Freight is headquartered. *See* Exhibit I. Arbitrator Tusan noted that "Respondents cannot claim unfair surprise by a Hearing conducted in Ohio as the Operative Agreements in this matter contain Ohio choice of forum provisions." *See* Exhibit I, at *2.

22. Due to complications from COVID-19, the arbitration hearing was held virtually from February 28, 2022 to March 2, 2022. The parties each had a full and fair opportunity to present their case, including with exhibits and testimony from live witnesses.

23. After considering the parties' arguments, evidence and testimony, the Arbitrator issued the Interim Award on April 20, 2022 and the Final Award on June 13, 2022.

24. In the Interim Award, Arbitrator Tusan found that Mr. Gosik and Mr. Finley had breached the Agreements, and ordered that each must pay American Freight liquidated damages of $50,000, to be paid within 30 days of the date of the Final Award. *See* Exhibit A. The Employment Agreements expressly provide that American Freight is entitled to collect attorneys' fees if it prevails on its claims. *See* Exhibits C and D, Section 7. Thus, Arbitrator Tusan instructed American Freight to submit a request for reasonable attorneys' fees and costs related to its successful claims. *See* Exhibit A.

-5-

74177706v1

25. After briefing on the appropriate amount of attorneys' fees, Arbitrator Tusan issued the Final Award on June 13, 2022, and ordered that Mr. Gosik and Mr. Finley must pay American Freight's attorneys' fees and costs in the amount of $269,456.90. *See* Exhibit B. Mr. Gosik and Mr. Finley are jointly and severally liable for this amount. *See* Exhibit B.

26. Arbitrator Tusan also awarded post-judgment interest as permitted by law. *See* Exhibit B. The statutory post-judgment interest rate in Ohio is 3 percent. *See* Ohio Rev. Code § 5703.47.

## THE AWARD SHOULD BE CONFIRMED

27. The Federal Arbitration Act ("FAA") permits a party to seek confirmation of an arbitration award within one year of the making of the award. *See* 9 U.S.C. § 9. The FAA states that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *Id*.

28. The Arbitration Agreement did not specify a court for enforcement of awards, stating that awards could be enforced by any court of competent jurisdiction. *See* Exhibit F. As discussed above, Arbitrator Tusan determined that the proper forum for the arbitration hearing was in Delaware County, Ohio, and therefore that is where the award was made. *See* Exhibit I.

29. The Sixth Circuit has called a court's review of an arbitrator's decision "one of the narrowest standards of judicial review in all of American jurisprudence." *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 305 (6th Cir. 2008) (*quoting Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005)). Because of this, arbitration awards are routinely confirmed. *Id.* at 298 (affirming district court's confirmation of arbitration award); *Farley v. Eaton Corp.*, 701 Fed. Appx. 481, 488 (6th Cir. 2017) (affirming confirmation of arbitration award and providing "extreme deference" to the arbitrator's decision).

30. The FAA "expresses a presumption that arbitration awards will be confirmed." *Uhl*, 512 F.3d at 305 (citation omitted); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Barker*, No. 1:15-cv-328, 2016 WL 776605, at *3-4 (S.D. Ohio Feb. 29, 2016) (confirming arbitration award and noting that "the plain language of the [FAA] presumes that arbitration awards will be confirmed") (quoting *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676-77 (6th Cir. 2005)).

31. Specifically, the FAA explains that if a party moves to confirm an arbitration award in court, "the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added).  None of those circumstances apply here.

## FIRST CAUSE OF ACTION

**(Confirmation of Arbitration Award Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9)**

32. American Freight repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

33. The Final Award was issued against Mr. Gosik and Mr. Finley on June 13, 2022, and awarded damages as well as reasonable attorneys' fees and costs to American Freight.

34. Mr. Gosik and Mr. Finley have not paid the awarded damages or the attorneys' fees and costs.

35. The FAA, 9 U.S.C. § 9, provides that any time within one year of an arbitration award, any party may apply to the court for an order confirming the award.  Section 9 requires that the court confirm the award unless the award is vacated or modified as narrowly prescribed in §§ 10-11 of the FAA.

36. This action is timely brought within one year of the date that the Final Award was issued.

37. The FAA sets out an extremely narrow set of circumstances in which an award may be vacated or modified, none of which apply to this case.

38. Accordingly, the Arbitration Award should be confirmed.

WHEREFORE, American Freight respectfully requests this Court enter an order:

a) Confirming the Final Award and entering judgment accordingly;

b) Awarding post-judgment interest accrued from June 13, 2022 through the date the judgment is satisfied; and

c) Awarding such other and further relief as the Court deems just and proper.

Dated: July 8, 2022

Respectfully submitted,

*/s/ David J. Butler*
David J. Butler (0068455), Trial Attorney
David C. Roper (0099782)
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, OH 43215
Telephone:   (614) 221-2838
Facsimile:   (614) 221-2007
Email:   dbutler@taftlaw.com
         droper@taftlaw.com

*Attorneys for Plaintiffs*

**OF COUNSEL**:
James C. Dugan
Vanessa C. Richardson
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone:   (212) 728-8654
Facsimile:   (212) 728-9654
Email:   jdugan@willkie.com
         VRichardson@willkie.com

74177706v1